NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 19 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PERRY C. BLAIR, | No. 21-15845 |
| Plaintiff-Appellant, | D.C. No. 1:14-cv-01156-DAD-SAB |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; CORCORAN STATE PRISON; SATF-STATE PRISON AT CORCORAN; J JOHNSON; O. A. YBARRA; CHAN, Doctor; B O DANIELS; F. FRANOCO; J. ALVA; SANTOS; A. SANCHEZ; A. ESQUEDA, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted May 16, 2023**

Before: BENNETT, MILLER, and VANDYKE, Circuit Judges.

California state prisoner Perry C. Blair appeals pro se from the district

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

court's summary judgment in his 42 U.S.C. § 1983 action alleging various constitutional violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment. The record shows that Blair did not file a timely opposition to the defendants' October 14, 2019 motion for summary judgment or any substantive objections to the findings and recommendations, despite being given numerous extensions by the district court.[1] Blair thus failed to raise a genuine dispute of material fact as to whether his constitutional rights were violated. *See Farmer v. Brennan*, 511 U.S. 825, 832-34 (1994) (setting forth requirements to prove a failure-to-protect claim under the Eighth Amendment); *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974) (setting forth due process requirements in prison disciplinary proceedings); *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth the elements of a First Amendment retaliation claim in the prison context).

The district court did not abuse its discretion in denying Blair's sixth request for an extension of time to file objections to the findings and recommendations

---

[1] Blair attached numerous documents to his reply brief, including a document titled "Opposition to Defendants' Summary Judgment Request" and a declaration in support of this filing. Because these two documents do not appear in the district court docket and were attached for the first time in Blair's reply brief, we do not consider them. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

because Blair failed to demonstrate good cause.  *See Ahanchian v. Xenon Pictures,*

*Inc.*, 624 F.3d 1253, 1258-60 (9th Cir. 2010) (setting forth standard of review for

denial of extension of time and good cause requirement under Fed. R. Civ. P. 6(b)).

    **AFFIRMED.**